No. 18,670.

WILLIAM A. DARLING et al., *Appellees*, v. EDWARD F. BUZZI et al., *Appellees*, and LEW BOYER, Interpleader, *Appellant*.

### SYLLABUS BY THE COURT.

1. DRAINAGE ACT—*Petition Sufficient to Give Court Jurisdiction*. Under the drainage act (Gen. Stat. 1909, § 3057), if the petition, fairly construed, contains in effect the averment that the described drainage can not be accomplished in the best and cheapest manner without affecting the lands of others than the petitioners, it is jurisdictionally sufficient in this respect.

2. SAME—*Procedure Followed—In Substantial Compliance with the Statute*. Substantial compliance with the statute as to location, as to showing in the report the lands affected by the drainage, and the improvement thereby of the public health, the trial court having considered and approved such report, is sufficient, the act itself (Gen. Stat. 1909, § 3069) providing for its own liberal construction.

Appeal from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed June 6, 1914. Affirmed.

*D. M. Dale, S. B. Amidon,* and *Jean Madalene,* all of Wichita, for the appellant.

*J. Mack Love,* and *C. W. Wright,* both of Arkansas City, for the appellees.

The opinion of the court was delivered by

WEST, J.: This is an appeal from a judgment confirming the report of commissioners in favor of the construction of a certain drainage ditch. (Gen. Stat.

1909, §§ 3057-3070.)   In March, 1910, a petition was
filed to which a demurrer and written objections were
interposed.   These were overruled and commissioners
appointed, who, on June 6, 1910, made a preliminary
report recommending a ditch as therein described.   Ob-
jections and remonstrances were made to this report,
which was set aside, one of the commissioners was re-
moved and another appointed in his place with orders
to file a preliminary report on the first day of Novem-
ber, which was done, and to this report written objec-
tions were also filed.   March 22, 1912, the third and
final report was made, which was likewise met with
exceptions and remonstrances.   These were overruled
and the report was confirmed June 13, 1912.   On the
next day Boyer and Buzzi each moved for a new trial,
and on June 29, 1912, their motions were overruled,
but the court modified the assessment of damages by
making the benefits awarded against the property of
these defendants somewhat smaller.   On July 10, 1912,
Boyer and Buzzi filed their notices of appeal to the
supreme court, each of which notices bore acceptance
and acknowledgment of service, dated July 3, 1912.
September 9, 1912, Boyer filed a motion for rehearing,
which was denied January 2, 1913.

The defendants insist that the petition left out the
essential averment that the drainage in question could
not be accomplished in the best and cheapest manner
without affecting the lands of others, but section 3057
prescribes certain matters which the petition shall con-
tain, including a statement of the method by which it
is believed that such drainage can be accomplished in
the cheapest and best manner, and the belief of the
petitioners that the cost, damage, and expense of such
drainage will be less than the benefit which will result
to the "owners of the lands and other properties and
easements  .  .  .  likely to be benefited thereby."
These the petition contained, and we find that the
effect of the omitted averment was covered by the al-

legations fairly construed, hence the court was not without jurisdiction.

It is also urged that the final location of the ditch differs materially from the one specified in the original petition, but section 3061 expressly provides that the drainage commissioners, in locating the line or line of work of drainage, may vary from the line prescribed in the petition as they may deem best, and may fix the beginning and outlet so as to procure the best results. Considering this wide discretion, we find no ground for complaint in this respect, especially in view of the repeated hearings and considerations given the matter by the district court.

It is asserted that no report was made or testimony offered as to the number of acres drained, but in the second report of the commissioners the land affected by the drainage was set forth by lots and subdivisions, which would seem to be equivalent to giving the area.

It is suggested that the court failed to find affirmatively that the ditch would improve the public health, and this is put forward as a fatal omission. But this affirmative finding was made when the second preliminary report came in, as shown by the counter-abstract, which was the proper time, and thus the statute was, in that respect, complied with. (§ 3058.)

The point that no affirmative evidence was offered to show that the ditch would improve the public health is answered by the fact that the finding of the commissioners to that effect is made *prima facie* evidence. (§ 3058.)

While the proceeding seems to have been attended with spirited opposition, the defendants were repeatedly heard and the trial court appears to have given the matter great consideration.

The plaintiffs urge that their former motion to dismiss should have been granted for the reason that the required procedure was not followed. If section 3058, enacted in 1907 and amended in 1909, and section 3062,

enacted in 1907, still control they were not complied with. If the civil code, amended in 1909, applies, the defendants are in court. But as our view of the merits compels an affirmance we do not deem it necessary to decide this question.

The judgment is affirmed.